Dan O'Phelan and Ellen O'Phelan, Pro Se
Dan O'Phelan            7843
3101 Kachemak Driver
Homer, AK 99603
Telephone: 866-529-2340
Facsimile: 866-636-4508
E-mail: attorneydan@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 09 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT STATE OF HAWAII

| | |
|---|---|
| ELLEN J. O'PHELAN and DAN J. O'PHELAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFF MEEK AND MARYLOU ASKREN,<br><br>Defendants. | CIVIL No. CV08 00407<br><br>State Court Civil #08-1-0257   HG KSC<br><br>**NOTICE OF REMOVAL** |

Come now, Plaintiff Dan O'Phelan and Plaintiff Ellen O'Phelan and hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446 which defines the procedure for removal as follows:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

1

*proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.*

In addition, removal of this action is authorized pursuant to 28 U.S.C. § 1332. Diversity of Citizenship; Amount in Controversy; Costs which states as follows:

*(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —*

*(1) citizens of different States;*

In this case, Plaintiffs are residents of the State of Alaska and Defendants are residents of the State of Hawaii, County of Hawaii.

Title 28 U.S.C. § 1441(a) provides that unless otherwise expressly provided by Act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to the district court of the United States.[5] Section 1446 provides the procedure for removal. See generally, *THERMTRON PRODUCTS, INC., and Larry Dean Newhard, v.H. David HERMANSDORFER*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542(1976) and see also *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, (1990).

As noted in Plaintiff's attached complaint, Defendants are residents of the State of Hawaii and continue to be so to the knowledge of Plaintiffs. Defendants were served in the State of Hawaii. See attached proof of service. There has been no Answer filed by Defendants and no answer is due until approximately September 5th, 2008. In contrast, Plaintiffs are not are citizens of the State of Hawaii, but instead citizens of the State of Alaska. Plaintiffs reside at 3101 Kachemak Drive, Homer, AK 99603. Although

2

Plaintiff's own a home in Hilo, HI, that home is rented. Plaintiff Dan O'Phelan has had his driver's license maintained in the State of Alaska for over 5 years, and also is registered to vote in Homer, Alaska. Plaintiff Dan O'Phelan, although a licensed attorney in the State of Hawaii since 2002, has been a licensed attorney in Alaska for even longer and has never ceased practicing law in Alaska. Dan O'Phelan is also a licensed attorney in the State of New York, but did not establish residency there. In addition, this dispute involves amounts in excess of $100,000 an amount stated clearly in Plaintiffs' Complaint.

Wherefore Plaintiff's move for and notice the opposing party and the Court of said removal of the case from the State of Hawaii, Third Circuit Court and transferred to the U.S. District Court of Hawaii. Plaintiffs requested a jury trial at the State Court level and filed a timely Demand for Jury Trial in accordance with Hawaii Rule of Civil Procedure 38. Plaintiffs now, pursuant to the Federal Rule of Civil Procedure 81, maintain their jury trial demand.

By signing below, Plaintiffs assert that the States herein are true and correct to the best of their knowledge and that they are in compliance with Federal Rule of Civil Procedure 11.

DATED at Homer, Alaska on this 29th day of August, 2008

_____
Dan O'Phelan

_____
Ellen O'Phelan

3