IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELLEN J. O'PHELAN; DAN J. O'PHELAN, </br></br>         Plaintiffs, </br></br>    vs. </br></br> JEFF MEEK; MARYLOU ASKREN, </br></br>         Defendants. | ) CIVIL NO. 08-00407 HG-KSC </br> ) </br> ) FINDINGS AND </br> ) RECOMMENDATION TO GRANT </br> ) DEFENDANT MARYLOU ASKREN'S </br> ) MOTION TO REMAND </br> ) </br> ) </br> ) </br> ) </br> ) |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT MARYLOU ASKREN'S MOTION TO REMAND

Before the Court is Defendant Marylou Askren's ("Defendant Askren") Motion for Remand ("Motion"), filed October 7, 2008.  On October 21, 2008, Defendant filed a Supplemental Memorandum Supporting Motion to Remand Case to Circuit Court.  On December 3, 2008, Plaintiffs Ellen O'Phelan and Dan O'Phelan (collectively "Plaintiffs") filed their Opposition.  On December 10, 2008, Defendant Askren filed her Reply.

This matter came on for hearing on December 22, 2008.  Gerard Lee Loy, Esq. appeared on behalf of Defendant Askren and Defendant Jeffery Meek and

Plaintiffs appeared pro se by phone. After careful consideration of the Motion, the supplemental, supporting and opposing memoranda, and the comments of counsel and the parties, the Court HEREBY FINDS and RECOMMENDS that Defendant Askren's Motion be GRANTED.

## BACKGROUND

On August 8, 2008, Plaintiffs filed a complaint in the Circuit Court of the Third Circuit of the State of Hawaii against Defendants. Defendants Askren and Meek filed Answers and Counterclaims on August 25, 2008 and September 2, 2008, respectively. On September 9, 2008, Plaintiffs filed their Notice of Removal in this Court.

## DISCUSSION

Plaintiffs removed the instant case pursuant to 28 U.S.C. §§ 1446[1] and 1332. See Notice of Removal.

---

[1] Section 1446(b) of Title 28 of the U.S. Code provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

Defendant Askren contends that § 1446 prescribes the procedure for defendants, not plaintiffs, to remove actions to federal court.  She also disputes Plaintiffs' Alaskan citizenship as of the date of the alleged tort and asserts that Plaintiffs are forum shopping.

> Section 1441 provides, in pertinent part:
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a) (emphasis added).  Section 1441 is strictly construed against removal and courts resolve

---

> the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

3

any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Federal district courts have original jurisdiction over cases between citizens of different states.  See 28 U.S.C. § 1332(a).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  See id. § 1441(b).  Thus, a United States district court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states.  See id. § 1332(a)(1).  Federal removal jurisdiction on the basis of diversity "is determined (and must exist) as of the

time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

In the present case, the plain language of § 1441(a) precludes the removal of this action and the Court need not even reach the issue of whether diversity of citizenship exists. The right of removal is limited to defendants. American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988). The Ninth Circuit has held that "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court." Id. (quoting Oregon Egg Producers v. Andrew, 458 F.2d 382 (9th Cir. 1972) (per curiam)). Here, Plaintiffs, not Defendants, removed the action to this Court. Because § 1441(a) does not authorize Plaintiffs to remove the action they initiated in state court, this

Court lacks jurisdiction and the action must be remanded to state court.[2]  28 U.S.C. § 1447(c).

Defendant Askren seeks attorneys' fees and costs incurred as a result of the improper removal. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Id.  The United States Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents

---

[2]  Because the Court clearly lacks jurisdiction, it is unnecessary to address Plaintiffs' argument that the Court should recognize the state court complaint as if filed anew in this Court.  Despite Plaintiffs' erroneous belief to the contrary, jurisdiction in this case is not discretionary.

6

unusual circumstances that warrant a departure from this rule.  <u>Id.</u>  The <u>Martin</u> Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

<u>Id.</u>  Although the Court would normally hesitate to recommend an award of fees and costs against a pro se party, the circumstances here justify such an award.  Mr. O'Phelan, although proceeding pro se, is licensed to practice law in Hawaii.  Therefore, unlike the average pro se litigant, he possesses the sophistication to comprehend the straightforward removal statutes and/or to conduct research necessary for clarification of the same.[3]  He even quoted §

---

[3]  Even if he were not licensed, the Court notes that while *pro se* litigants are held to less stringent standards than their legal counterparts, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's *pro se* status cannot excuse him from complying with the procedural or substantive rules of

7

1441(a) in the Notice of Removal, which clearly and expressly limits the right of removal to defendants. Accordingly, the Court finds that Plaintiffs had no objectively reasonable basis for seeking removal and that Defendant Askren is entitled to reasonable attorneys' fees and costs incurred as a result of the removal. Defendant's counsel is to file a declaration in conformance with Local Rule 54.3(d) to support the request. The Court will thereafter make a recommendation as to the amount of the award.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT Defendant Askren's Motion for Remand, filed October 7, 2008. Consistent with this Findings and Recommendation, all matters pending before the Court are continued for approximately 30 days.

---

the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).

<br/>

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, December 22, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

O'PHELAN, ET AL. V. MEEK, ET AL., CV 08-00407 HG-KSC; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARYLOU ASKREN'S MOTION TO REMAND